**SABRE FARMS, INC., Plaintiff,**

v.

**Allan BERGENDAHL and Sidney Craig, Defendants.**

**Civ. No. 82–498–FR.**

United States District Court, D. Oregon.

April 4, 1984.

Donald H. Mullins, Richard C. Tallman, Schweppe, Krug, Tausend & Beezer, P.S., Seattle, Wash., John S. Ransom, Diane L. Alessi, Ransom, Blackman & Simson, Portland, Or., for plaintiff.

John E. Frohnmayer, Tonkin, Torp, Galen, Marmaduke & Booth, Portland, Or., for defendant Allen Bergendahl.

## OPINION

FRYE, District Judge:

Plaintiff has moved the court for an order allowing plaintiff to serve defendant Craig by publication "pursuant to Fed.R. Civ.P. 4(e) and ORCP 7(D)(6)(d)." Rule 4(e) allows service of process on a party outside the state to occur in a manner provided for by state law. ORCP 7(D)(6) generally prescribes the manner in which service of process may be effected by publication. In the present case, defendant Craig is apparently residing in Australia at one of two addresses. Plaintiff apparently served the summons and complaint to one of the addresses pursuant to Fed.R.Civ.P. 4(i)(1)(D), which provides for service in a foreign country "by any form of mail, requiring a signed receipt, to be addressed and dispatched by the clerk of the court...." The return receipt shows that the summons was received by someone at the address other than the defendant. Because the address was a business, it is possible that the receiving individual was an agent of defendant. Apparently wishing to make sure that proper service is effected, however, plaintiff now moves for service by publication.

■ The proposed order submitted by plaintiff to the court does not specify where the proposed publication of the summons should occur. ORCP 7(D)(6)(c) provides that an order of publication shall direct publication to be made in a newspaper of general circulation in the county where the action is commenced, which is in this case Multnomah County, Oregon. However, ORCP 7(D)(6)(a) requires that any court order for service by any other method, including publication, insure that the method of service be "most reasonably calculated to apprise the defendant of the existence and pendency of the action...." It is entirely unreasonable to assume that publication of a summons in a Multnomah County newspaper will apprise the defendant living in Australia of the existence of the present action. Therefore, it appears that service by publication under ORCP 7(D)(6) is inappropriate.

■ However, ORCP 7(D)(5), as well as Fed.R.Civ.P. 4(i)(1)(E), provide for service of process in a foreign country "as directed by order of the court." In the present case the court is willing to order that service of process be made by publication of the summons and complaint in the two Australian cities known by plaintiff to be the residence

of defendant Craig, and otherwise in accordance with ORCP 7(D)(6). The court makes no finding, however, that service of process cannot be made by any other method specified by the Federal or Oregon rules.

Counsel shall prepare the appropriate order in accordance with this opinion.